## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| CHET GUTOWSKY, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-14-00839 |
| | § | |
| DEUTSCHE BANK NATIONAL TRUST | § | |
| COMPANY, AS TRUSTEE FOR NEW | § | |
| CENTURY HOME EQUITY LOAN | § | |
| TRUST, SERIES 2005-C, ASSET BACKED | § | |
| PASS-THROUGH CERTIFICATES, | § | |
| | § | |
| *Defendant.* | § | |

### MEMORANDUM OPINION & ORDER

Pending before the court is a motion to dismiss certain claims asserted by plaintiff Chet Gutowsky ("Gutowsky"), which was filed by defendant Deutsche Bank National Trust Company, as Trustee for New Century Home Equity Loan Trust, Series 2005-C, Asset Backed Pass-Through Certificates ("Deutsche Bank" or the "defendant"). Dkt. 5. After considering the live complaint and exhibits,[1] motion, responses, and applicable law, the defendant's motion for partial dismissal (Dkt. 5) is **GRANTED**.

### I. BACKGROUND

Gutowsky is the owner of the home (the "property") in dispute located in Harris County, Texas. Dkt. 1, Ex. A-4 (first amended petition) at 3 ¶ 11. On or about August 16, 2005, Gutowsky

---

[1] In considering a motion to dismiss under Rule 12(b)(6), the district court primarily considers the allegations of the live complaint, but there are other documents the court may consider. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499 (2007). These documents include items subject to judicial notice, matters of public record, and exhibits attached to the complaint whose authenticity is not in issue. *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 & n.13 (5th Cir. 2007); FED. R. CIV. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

obtained a home equity loan (the "note") from Home123 Corporation ("Home123"). *Id.* at 3 ¶ 12; *id.*, Ex. 1 (note) to Ex. A-4. The parties concurrently executed a security instrument for this loan, and it was recorded in the Harris County deed records on August 31, 2005. Dkt. 1, Ex. 2 (home equity lien) to Ex. A-4. Deutsche Bank asserts that it is the current holder of the note and security instrument. Dkt. 1, Ex. A-4 at 3 ¶ 13.

The defendant accelerated the maturity of the note when Gutowsky fell behind on his payments in 2006, and on December 14, 2006, it filed an application for a non-judicial home equity foreclosure. *Id.* at 3 ¶¶ 14–15. On March 5, 2007, the 61st Judicial District Court of Harris County, Texas granted Deutsche Bank's request for a foreclosure order. Dkt. 1, Ex. 3 (foreclosure order) to Ex. A-4. The defendant apparently elected not to foreclose at that time, and on September 20, 2013, it filed a second home equity foreclosure application. Dkt. 1, Ex. A-4 at 3 ¶ 17.

On November 1, 2013, Gutowsky sent a request to cure letter to Deutsche Bank, claiming that the note violated the home equity loan requirements of the Texas Constitution. Dkt. 1, Ex. 4 (notice letter) to Ex. A-4; *see* TEX. CONST. art. XVI, § 50(a)(6). The letter states that (1) the principal amount of the loan exceeds 80 percent of the fair market value of the home when added to the principal balances of all other liens against the property, in violation of § 50(a)(6)(B); (2) Gutowsky never received notice that the loan was governed by the Texas Constitution, in violation of § 50(a)(6)(M)(i); (3) Gutowsky never received a copy of the final loan document, as required by § 50(a)(6)(Q)(v); (4) no appraisal report was prepared in accordance with the state or federal requirement applicable to the extension of credit, in violation of § 50(a)(6)(h)(1); (5) Gutowsky was not given an acknowledgment of the three-day right to rescind the extension of credit without penalty, as required by § 50(a)(6)(Q)(vii); and (6) Gutowsky and Home123 did not

2

execute an acknowledgment as to the fair market value of the property on the date the loan was made, in violation of § 50(a)(6)(Q)(ix).  *Id.*

Deutsche Bank did not respond to the notice within 60 days.  Dkt. 1, Ex. A-4 at 3 ¶ 19. Gutowsky then filed the instant suit in the 80th Judicial District Court of Harris County, Texas on February 20, 2014.  Dkt. 1, Ex. A-3 (original petition) at 1.  On February 21, 2014, Gutowsky filed an amended complaint, and on February 24, 2014, the case was transferred to the 61st Judicial District Court.  Dkt. 1, Ex. A-4 (amended petition); Dkt. 1, Ex. A-5 (transfer order).  The defendant removed the case to this court on April 1, 2014.  Dkt. 1 (notice of removal) at 1–2 ¶ 1.  On April 8, 2014, Deutsche Bank answered Gutowsky's amended complaint.  Dkt. 6.  On the same day, the defendant moved for partial dismissal based on the applicable statute of limitations.  Dkt. 5 at 3.

## II. LEGAL STANDARD

### A.    *Motion to Dismiss*

For most causes of action, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that the pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  A party against whom claims are asserted may move to dismiss those claims when the nonmovant has failed "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).[2]  To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "'enough facts to state a claim to relief that is plausible on its face.'"  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570,

---

[2]  The court pauses to note that Deutsche Bank styled its motion as a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  However, the motion is properly evaluated as a motion for judgment on the pleadings under Rule 12(c) because Deutsche Bank answered the petition in state court before removal.  At any rate, this distinction does not affect the court's legal analysis because the standards for motions under Rules 12(b)(6) and 12(c) are identical. *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

127 S. Ct. 1955 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted). While the allegations need not be overly detailed, a plaintiff's pleading must still provide the grounds of his entitlement to relief, which "requires more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009) ("[N]aked assertions devoid of further factual enhancement," along with "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth) (internal quotation marks omitted). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Evaluating a motion to dismiss is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Additionally, a claim may be dismissed if an affirmative defense appears clearly on the face of the pleadings. *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986).

### B.  *Home Equity Loans Under the Texas Constitution*

The Texas Constitution has traditionally protected the homestead against forced sale, with exceptions for purchase money liens, taxes, and construction liens on the property. *Fin. Comm'n of Tex. v. Norwood*, 418 S.W.3d 566, 570–71 & n.9 (Tex. 2013). Since the ratification of the current Texas Constitution in 1876, other carefully drawn exceptions have been added by amendment. *See*

*id.* at 570–71. In 1997, voters approved an amendment to permit home equity loans and reverse mortgages. *Id.* at 571; *see* TEXAS CONST. art. XVI, § 50(a)(6)–(7). In so doing, Texas became the fiftieth state in the Union to permit home equity lending. *Norwood*, 418 S.W.3d at 571.

To pacify concerns that home equity loans would lead to unfair practices by lenders and to ensure the amendment "would withstand future political pressures on the Legislature," extensive requirements for these loans were included under Article XVI § 50(a)(6) of the Texas Constitution. *Id.* Under that provision, a lien on a homestead must be voluntarily agreed upon and have the consent of each owner in writing; must not exceed 80 percent of the fair market value of the home when added to all outstanding debt secured by the homestead; and may be foreclosed upon only by a court order. TEX. CONST. art. XVI, § 50(a)(6)(A), 50(a)(6)(B), 50(a)(6)(D). Further, an extension of credit may not be finalized less than 12 days after the date the loan application is submitted to the lender or after the homestead owner receives notice in writing that payment on the loan in advance is permissible without penalty, whichever occurs later; one business day after the lender provides a copy of the loan application and "a final itemized disclosure of the actual fees, points, interest, costs, and charges that will be charged at closing" to the homestead owner; and the first anniversary of the closing date of any other loan secured by the same property. *Id.* § 50(a)(6)(M)(i)–(iii). The lender must also provide the owner with a copy of the final loan application and all related documents signed at the closing of the loan, and notice that the loan is governed by § 50(a)(6) of Article XVI of the Texas Constitution through a disclosure in the security instrument. *Id.* § 50(a)(6)(Q)(v)–(vi). Lastly, the owner may cancel the loan within three days without penalty, and the lender and owner must acknowledge the fair market value of the house in writing when the loan is made. *Id.* § 50(a)(6)(Q)(viii)–(ix).

Although the Texas Constitution states that a lien secured by a homestead will never be valid unless it is in compliance with Article XVI § 50(a)(6), it also provides that a lender or holder of a note has 60 days to cure a deficiency in a loan from the time the lender is notified by the borrower of the defect. *Id.* §§ 50(c), 50(a)(6)(Q)(x). If the lender does not cure the constitutional deficiency, it must forfeit all principal and interest of the loan. *Id.* § (50)(a)(6)(Q)(x).

The constitution's home equity provisions do not include an explicit statute of limitations, but the Fifth Circuit recently held that Texas's residual four-year limitations period applies to § 50(a)(6) causes of action. *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 674 (5th Cir. 2013). In *Priester*, the plaintiffs sought to invalidate a home equity loan five years after the closing date on grounds that the loan was in violation of two § 50(a)(6) provisions. *Priester*, 708 F.3d at 672–73 (acknowledging the claim that the loan was signed at the plaintiffs' house and the plaintiffs did not receive notice of their rights 12 days before closing in violation of the Texas Constitution). Recognizing that the Texas Supreme Court had not yet addressed whether the residual limitations period applies to claims arising under § 50(a)(6) of the Texas Constitution, the *Priester* court made an *Erie* guess that it does apply to these claims. *See id.* at 674; *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (explaining that the court must make an "*Erie* guess" when no state court decision controls).

While the residual four-year limitations period contains an exception for the "recovery of real property," the *Priester* court found that the limitations period applies to defects in homestead liens

by relying on prior case law.[3]  *Priester*, 708 F.3d at 673; TEX. CIV. PRAC. & REM. CODE § 16.051

(stating that a four-year residual limitations period applies to all actions without an express statute

of limitations, except for the recovery of real property).  The *Priester* court further distinguished

district court cases stating that the residual statute of limitations does not apply, and reasoned that

a lien created in violation of § 50(a)(6) was voidable rather than void *ab initio*. *See Priester*, 708

F.3d at 674 (suggesting that the Texas Supreme Court considers a lien created in violation of

§ 50(a)(6) to be voidable instead of void); *see also Doody v. Ameriquest Mortg. Co.*, 49 S.W.3d 342,

346–47 9(Tex. 2001) (explaining that a lien that is cured under § 50(a)(6)(Q) becomes valid, but if

the loan is voided, the lender loses all rights to recovery).  If a lien is void *ab initio*, a statute of

limitations need not apply because the lien is always void and constitutes a title cloud, the removal

of which is an equitable action without a limitations period. *See Ditta v. Conte*, 298 S.W.3d 187,

192 (Tex. 2009) ("[A]s long as an injury clouding title remains, so too does an equitable action to

remove the cloud; therefore, a suit to remove the cloud is not time-barred").  However, if a lien is

merely voidable, the defect can be cured and is not a cloud on title. *See Doody*, 49 S.W.3d at 346

(stating that a lien that may be invalidated at the outset may not support a remedy at a later date).

Therefore, as the court concluded in *Priester*, a statute of limitations period should be applied to all

claims under § 50(a)(6) because it is contrary to the constitutional scheme that a person can

indefinitely seek a remedy for a curable title defect. *See Priester*, 708 F.3d at 674 n.4.  Once the

limitations period has passed, a voidable lien becomes valid. *See id.* at 675.

---

[3] The *Priester* court relied on *Rivera v. Countrywide Home Loans, Inc.*, 262 S.W.3d 834, 839 (Tex. App.
—Dallas 2008, no pet.) (holding that the four-year statute of limitations applies to defective homestead liens under the
Texas Constitution); *Schanzle v. JPMC Specialty Mortg. LLC*, No. 03-09-00639-CV, 2011 WL 832170, at *4 (Tex.
App.—Austin Mar. 11, 2011, no writ) (noting that "the four-year statute of limitations has been applied to violations of
the constitutional requirements for home equity loans, calculated from the date of closing on the loan"); and *Boutari v.
JP Morgan Chase Bank, N.A.*, 429 F. App'x 407 (5th Cir. 2011) (holding that the four-year statute of limitations applies
to claims under § 50(a)(6)).

### III. ANALYSIS

Gutowsky asserts the following claims: (1) the four-year statute of limitations bars Deutsche Bank from foreclosing on the property; (2) the contract is void; (3) the notice of foreclosure is invalid and interferes with Gutowsky's title; (4) Gutowsky is entitled to declaratory judgment; and (5) Gutowsky is entitled to a permanent injunction against Deutsche Bank. Dkt. 1, Ex. A-4. The defendant moves to dismiss all of Gutowsky's claims except that the four-year statute of limitations bars it from foreclosing on the property. Dkt. 5. The court will consider the defendant's dismissal arguments as to each claim in turn.

In evaluating claims arising under state law, federal courts apply the corresponding state statute of limitations and any relevant exceptions. *See Guaranty Trust Co. v. York*, 326 U.S. 99, 112, 65 S. Ct. 1464 (1945); *Huss v. Gayden*, 571 F.3d 442, 450 (5th Cir. 2009).

#### A.   *Suit to Enforce Contract*

Deutsche Bank moves to dismiss Gutowsky's claim that the home equity loan is voided by the defendant's failure to cure the alleged irregularities on two grounds: (1) the statute of limitations bars the claim and (2) Gutowsky fails to allege the elements of a breach of contract. Dkt. 5 at 3–4. The court will restrict its analysis to the statute of limitations defense because it is dispositive here.

As the Texas Supreme Court has not ruled on which limitations period, if any, applies to § 50(a)(6) claims, this court is bound by the Fifth Circuit's interpretation of the Texas Constitution under the *Erie* doctrine. *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 421(5th Cir. 2001) (citing *Batts v. Tow-Motor Forklift Co.*, 66 F. 3d 743, 747, 749 (5th Cir. 1995)). Therefore, under controlling precedent, the four-year statute of limitations began running on the date of closing.

8

*Priester*, 708 F.3d at 674–75.[4]  Even when viewed in the light most favorable to Gutowsky, as required by a 12(b)(6) motion, the loan was voidable for violating various provisions in § 50(a)(6) until August 2009, four years after the loan was executed. Dkt. 1, Ex. A-4 at 3 ¶ 12.  Gutowsky did not notify Deutsche Bank that the loan violated the Texas Constitution within that four-year period, and after August 2009, the loan could not be invalidated under § 50(a)(6).  *Priester*, 708 F.3d at 675.  Thus, Gutowsky's notice to the defendant in 2013 did not require a response as there were no longer any § 50(a)(6) defects to cure, and Gutowsky is not entitled to the return of all principal and interest for alleged violations of § 50(a)(6).[5]  Gutowsky's claim for a suit to enforce the contract will therefore be **DISMISSED**.

---

[4] Gutowsky claims that *Priester* is flawed because it fails to address the real property exclusion to the four-year residual statute of limitations, contradicts the language of § 50, interferes with the constitutional right of the borrower to defend himself against foreclosure, and leads to absurd consequences.  Dkt. 14 at 10–12 ¶¶ 24–29.  First, *Priester* clearly states that the real property exclusion does not include defects in homestead liens.  *Priester*, 708 F.3d at 673.  Second, in the absence of a ruling by the Texas Supreme Court, the Fifth Circuit can make an *Erie* guess as to how a provision in the Texas Constitution should be interpreted, and that interpretation is binding on lower federal courts until the provision is amended or the Texas Supreme Court holds otherwise.  *Id.* at 674; *Hughes*, 278 F.3d at 421 (citing *Batts*, 66 F.3d at 747, 749).  Third, *Priester*'s application of the four-year limitations period limits the constitutional remedy of the borrower, not the right.  *Ho v. Univ. of Tex. at Arlington*, 984 S.W.2d 672, 686 (Tex. App.—Amarillo 1998, pet. denied).  Lastly, holding that a lien is void *ab initio* would also have absurd consequences, such as a borrower being able to collect all principal and interest on a home equity loan after 20 years due to a technicality in the contract.  Four years is sufficient time for a borrower to realize that a potential constitutional defect exists and pursue any applicable remedies.

[5] Gutowsky asserts that his claims are exempt from the four-year statute of limitations because they present a defense to foreclosure.  Dkt. 14 at 12 ¶ 29.  Although defenses generally are not subject to limitations periods, Gutowsky's claims, to the extent they depend on § 50(a)(6), seek affirmative relief and, thus, are subject to the four-year residual limitations period.  *See Hennigan v. Heights Sav. Ass'n*, 576 S.W.2d 126, 130 (Tex. Civ. App.—Houston 1978, reh'g denied); *Sigaran v. U.S., N.A.*, No. 13-20367, 2014 WL 1688345, at *4 (5th Cir. Apr. 30, 2014).

### B.    Suit to Quiet Title

Deutsche Bank moves to dismiss Gutowsky's claim for quiet title on the grounds that the loan contract and lien are valid under § 50(a)(6).[6] A suit to quiet title "relies on the invalidity of the defendant's claim to the property." *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 388 (Tex. App. 2012) (citing *Longoria v. Lasater*, 292 S.W.3d 156, 165 n.7 (Tex. App.—San Antonio 2009, pet. denied)).   To succeed, "the plaintiff must prove, as a matter of law, that he has a right of ownership and that the adverse claim is a cloud on the title that equity will remove." *Essex Crane Rental Corp.*, 371 S.W.3d at 388 (citing *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.—Houston 2009, pet. denied)).   Gutowsky claims Deutsche Bank's interest in the property is invalid because the note and security lien were voided by the defendant's failure to cure the constitutional defects in the note within 60 days of the notice to cure.   However, as discussed above, the note and security lien are not void under § 50(a)(6).   Thus, Deutsche Bank's motion to dismiss Gutowsky's suit to quiet title under § 50(a)(6) will be **GRANTED**.

### C.    Declaratory Judgment

Next, Deutsche Bank moves to dismiss Gutowsky's claim for declaratory judgment because the loan was not voided by Deutsche Bank's failure to respond to Gutowsky's notice.   Gutowsky asks the court to issue a declaratory judgment that (1) the defendant failed to cure the loan, (2) the loan, and therefore the lien, are void for violating § 50(a)(6), and (3) the defendant must forfeit all principal and interest.   The Federal Declaratory Judgment Act ("FDJA") allows federal courts to

---

[6] The defendant's motion does not address Gutowsky's claim that Deutsche Bank is barred from foreclosing on the property by the four-year statute of limitations. Dkt. 1 at 6 ¶¶ 21–24; TEX. CIV. PRAC. & REM. CODE § 16.051. Accordingly, the court will only evaluate Deutsche Bank's dismissal arguments insofar as they relate to § 50(a)(6) and the *Priester* decision. The court expresses no position as to the merits of Gutowsky's first cause of action to prevent foreclosure.

"declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."[7]  28 U.S.C. § 2201.  The FDJA is a procedural vehicle to assert and defend substantive rights, and thus, the claim depends on viable, substantive causes of action.  *See Morlock L.L.C. v. JP Morgan Chase Bank, N.A.*, No. H-12-1448, 2012 WL 3187918, at *7 (S.D. Tex. Aug. 2, 2002), *aff'd*, No. 12-20623, 2013 WL 2422778 (5th Cir. June 4, 2013).

Here, Gutowsky's request is based on his argument that the loan is void because Deutsche Bank did not comply with the Texas Constitution's requirement that a lender respond within 60 days to a request to cure a non-compliant loan.  Based on the findings of this order, Deutsche Bank was not bound by this requirement because Gutowsky waived any potential right to void the loan by not sending the notice within four years after closing.  Because his claim that the loan is void under § 50(a)(6) is time-barred and fails as a matter of law, Gutowsky's request for declaratory judgment likewise fails as a matter of law and is **DISMISSED**.

### D.     *Permanent Injunction*

Lastly, Deutsche Bank moves to dismiss Gutowsky's request for a permanent injunction preventing Deutsche Bank from (1) interfering with Gutowsky's quiet title to the property, (2) foreclosing on the property, and (3) purchasing, transferring, assigning, or collecting on the loan. Dkt. 1, Ex. A-4 at 9 ¶ 37.  Injunctive relief depends on viable underlying causes of action.  *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002).  As discussed above, the loan and security lien were not invalidated by the alleged § 50(a)(6) violations that are time-barred.  Thus, Gutowsky is

---

[7] Although Gutowsky pled a Texas Declaratory Judgment Act claim at the state level, it was converted to a claim under the FDJA upon removal because federal courts apply federal procedural law in diversity cases pursuant to the *Erie* doctrine. *See Utica Lloyd's v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998) (holding that the Texas Declaratory Judgment Act is not substantive law); *Bell v. Bank of Am. Home Loan Servicing LP*, No. 4:11-cv-02085, 2012 WL 568755, at *22 (S.D. Tex. Feb. 21, 2012) (stating that a state-law declaratory judgment claim that is filed in state court and then removed to federal court is converted to a claim arising under the FDJA).

not entitled to a permanent injunction under § 50(a)(6) to prevent the defendant from foreclosing or collecting on the loan.  Deutsche Bank's motion to dismiss Gutowsky's request for an injunction pursuant to alleged violations of § 50(a)(6) is **GRANTED**.

## IV. CONCLUSION

For the foregoing reasons, Deutsche Bank's motion for partial dismissal (Dkt. 5) is **GRANTED**.

It is so **ORDERED**.

Signed at Houston, Texas on June 11, 2014.

Gray H. Miller
United States District Judge

12